CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 19 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH ELROY VARNEY, II,<br>    Plaintiff, | Civil Action No. 7:16-cv-00108 |
| v. | MEMORANDUM OPINION |
| NEW RIVER VALLEY REGIONAL JAIL,<br>    Defendant. | By:  Hon. Jackson L. Kiser<br>    Senior United States District Judge |

Kenneth Elroy Varney, II, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the New River Valley Regional Jail ("Jail") as the sole defendant. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.

The court must dismiss the complaint because the Jail is not amenable to suit via § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"). Accordingly, I dismiss the complaint for failing to state a claim upon which relief may be granted and without prejudice to his ability to refile the claims against a proper defendant in a new and separate action subject to the applicable

limitations period.[1] See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (discussing the naming of proper defendants).

**ENTER:** This 19th day of April, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] After weighing the competing interests involved, the court finds that fair and efficient adjudication of justice is better promoted by allowing Plaintiff to refile the complaint in a new and separate civil action. Imposing an immediate, arbitrary deadline to file an amended complaint in this closed action would not promote justice. Instead, an incarcerated, pro se litigant should be afforded a practical opportunity to "stop-and-think" before refiling a claim within the remainder of a limitations period. Fed. R. Civ. P. 11 (advisory committee notes) (1993 Amendments). It is a common experience in district courts that an incarcerated pro se litigant has fewer resources and needs more time to research, understand, and draft a sufficient pleading than a "free" pro se litigant or an attorney. This consideration is even more important for prisoners who, unlike other litigants, may be limited to three civil actions during their imprisonment. 28 U.S.C. § 1915(g).

The Supreme Court of the United States recognizes that district courts have an inherent power to manage their own docket. See, e.g., Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) ("We do not presume that district courts need unsolicited advice from us on how to manage their dockets."). Accordingly, the court notes that dismissal of the complaint is without prejudice to Plaintiff's opportunity to refile claims in a new and separate action subject to the applicable limitations period.